Paul H. Kochanski (PK 0817)
Keith E. Gilman (KG 3323)
Andrew T. Zidel (AZ 1847)
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866

*Attorneys for Plaintiff Jack L. Frolow*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JACK L. FROLOW, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILSON SPORTING GOODS CO., | : | |
| | : | |
| Defendant. | : | |
| | x | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Jack L. Frolow, by his complaint against defendant Wilson Sporting Goods Co., alleges and avers as follows:

**JURISDICTION AND VENUE**

1.     This is an action between citizens of different states in which the plaintiff is seeking pecuniary relief from acts of the defendant arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. and where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.  Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. §§ 1332 and 1338.

2.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(a) and (c).

## PARTIES

3.      Plaintiff Jack L. Frolow ("Frolow") is an individual residing at 448 Dewey Street, Long Branch, New Jersey 07740.

4.      Upon information and belief, defendant Wilson Sporting Goods Co. ("Wilson") is a wholly owned subsidiary of Amer Sports Corp., and has a place of business at 8700 W. Bryn Mawr Ave, Chicago, Illinois 60631.

5.      Upon information and belief, Wilson is in the business of making, marketing and selling, within the United States and within the jurisdiction of this Court, tennis racquet products.

## FIRST CLAIM FOR RELIEF
### Breach Of Contract

6.      Frolow is an inventor who worked for many years designing and developing tennis equipment, in particular, unique and improved tennis racquets.  Frolow has received numerous U.S. patents covering such inventions, including U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. RE 33,372.

7.      In February of 1989, Frolow entered into a License Agreement with defendant Wilson.  The License Agreement granted Wilson the exclusive right and license worldwide to use, manufacture or have manufactured, sell or otherwise dispose of tennis racquets that are covered by Frolow's patents, including U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. RE 33,372.

8.      The terms of the License Agreement include royalty payments to Frolow in exchange for Wilson's use of Frolow's patents relating to tennis racquets ("Licensed Articles"), Frolow's know-how, and Frolow's name and reputation.

9.     As part of the License Agreement, Wilson agreed to pay Frolow royalties based upon net sales of Licensed Articles.   The royalty rate for certain of the Licensed Articles identified as Group II Articles was set at five (5) percent of net sales in the United States and two (2) percent of net sales elsewhere in the world except the United States.

10.     Pursuant to the License Agreement, Wilson was required to keep accurate records showing sales and related information for all Licensed Articles.   Furthermore, the License Agreement provided that Frolow could inspect the records upon written request in order to perform an accounting to determine the correctness of royalty payments.

11.     Pursuant to Frolow's ability to audit Wilson books and records, audits of the records have taken place for the years 2001 through 2004 with such audits revealing substantial underreporting of royalties on the Group II Licensed Articles.   Such audits only relate to net sales in the United States, since Wilson has refused to allow Frolow or his representative to audit foreign sales.

12.     Frolow has provided Wilson notice of the underpayments of such royalties.

13.     In response to Frolow's allegations of nonpayment and underreported royalties, Wilson has admitted there has been an underreporting of royalties and as a result, underpayment of royalties.

14.     Wilson has further taken the position with respect to nonpayment of royalties that certain of the Wilson tennis racquets that Frolow alleges fall within the scope of the Licensed Articles do not fall within the License Agreement.

15.     Frolow has requested the specifications and other information concerning the tennis racquets which Wilson alleges do not fall within the scope of the License Agreement and Wilson has refused to provide such information.

16.     Pursuant to the License Agreement, Wilson agreed to pay all obligations owed thereunder for Licensed Articles.

17.     Frolow has suffered actual damages as a result of Wilson's breach of the License Agreement.

## SECOND CLAIM FOR RELIEF
### Patent Infringement

18.     Plaintiff repeats and realleges all the allegations made in paragraphs 1-17 of the Complaint insofar as applicable to this claim.

19.     On September 1, 1987, the United States Patent and Trademark Office, duly and legally issued U.S. Patent No. 4,690,405, which is entitled Tennis Racket and names Jack L. Frolow as inventor.

20.     On October 9, 1990, the United States Patent and Trademark Office duly and legally issued U.S. Reissue Patent No. RE 33,372, which is a reissue of U.S. Patent No. 4,690,405.

21.     Frolow is the lawful owner of the entire right, title, and interest in and to U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. RE 33,372.

22.     Upon information and belief, since the issuance of U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. RE 33,372, Wilson without authorization from Frolow, has been and is infringing claims of such patents by at least the manufacture, use, offer for sale and/or sale in this district and elsewhere of tennis racquets all in violation of Frolow's patent's rights.

23.     The aforesaid acts of infringement by Wilson have been with full knowledge of U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. RE 33,372 and are willful and deliberate, thus rendering this action against Wilson "exceptional" as that term is used in 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Frolow prays for the following relief and an entry of judgment from this Court:

A.    An order adjudging that Wilson has breached the License Agreement with Frolow;

B.    An award of damages as a result of Wilson's breach of the License Agreement in an amount to be proven at trial;

C.    An order allowing Frolow to audit Wilson's books and records to determine the amount of underpayment of royalties;

D.    An award of all incidental and consequential damages which result, including all costs associated with any audit necessary of Wilson's books and records and investigation of Wilson tennis racquets to determine the scope of Wilson's underpayment of royalties;

E.    An award of interest against Wilson on all unpaid royalties;

F.    An order adjudging Wilson to have infringed U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. 33,372;

G.    An award of compensatory damages trebled as provided by 35 U.S.C. § 284, together with interest and costs;

H.    An award of reasonable attorney fees as provided by 35 U.S.C. § 285; and

I.    Such other and further relief as the Court deems just and proper.

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Jack L. Frolow*

Dated: _October 3_____, 2005      By: _____
                                        Paul H. Kochanski

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: _October 3, 2005_____      LERNER, DAVID, LITTENBERG,
                                  KRUMHOLZ & MENTLIK, LLP
                                  *Attorneys for Plaintiff Jack L. Frolow*

                                  By: _____
                                        Paul H. Kochanski