**STERNS & WEINROTH**
A Professional Corporation
50 West State Street, Suite 1400
P. O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100
Attorneys For Defendant Wilson Sporting Goods Co.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACK L. FROLOW, | : | Civil Action |
| | : | |
| Plaintiff, | : | Civil Action No. 3:05-cv-4813 (SRC)(TJB) |
| | : | |
| v. | : | **DOCUMENT FILED ELECTRONICALLY** |
| | : | |
| WILSON SPORTING GOODS CO., | : | **ANSWER AND** |
| | : | **AFFIRMATIVE DEFENSES** |
| Defendant. | : | |

In accordance with the Court's Order filed April 5, 2006 dismissing Count Two of the Complaint and limiting this Court's purview as to Count One, Defendant Wilson Sporting Goods Co. ("Wilson"), by and through its counsel, hereby presents its Answer and Affirmative Defenses in response to the Complaint brought by Plaintiff Jack L. Frolow ("Frolow").

**JURISDICTION AND VENUE**

1.  Wilson admits that Frolow purports to bring this action under 35 U.S.C. § 1 *et seq.* Wilson denies that jurisdiction is proper in this Court and, except as expressly admitted, Wilson lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations of paragraph 1.

2.  Wilson admits that venue is proper because it conducts business in this judicial district. Except as expressly admitted, Wilson denies the allegations of paragraph 2.

## PARTIES

3. Wilson is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and, therefore, denies the same.

4. Wilson admits the allegations of paragraph 4.

5. Wilson admits the allegations of paragraph 5.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

6. Wilson admits that Frolow received U.S. Patent No. 4,690,405 and U.S. Reissue Patent No. RE 33,372. Wilson is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and, therefore, denies the same.

7. Wilson admits the allegations of paragraph 7 and, further answering, avers that the License Agreement provides for a mandatory, binding and exclusive alternative dispute resolution and arbitration procedure, and that Frolow has failed to follow the same.

8. Wilson admits the allegations of paragraph 8 but only to the extent of "Net Sales" as defined in § 1.6 of the License Agreement, and denies any other allegation in paragraph 8.

9. Wilson admits the allegations of paragraph 9.

10. Answering paragraph 10 of the Complaint, Wilson avers that the License Agreement requires Wilson to "keep and cause to be kept accurate records showing the number, the Net Sales, and date of first use, sale or transfer of all Licensed Articles, sold, used, or otherwise transferred by WILSON." Wilson admits that the License Agreement permits Frolow to choose a certified public accountant to inspect these records upon written request, at Frolow's expense, "but only for three (3) calendar years from the date of audit inquiry by Frolow." Wilson denies the remaining allegations contained in paragraph 10.

11. Wilson admits that Frolow's certified public accountant has reviewed Wilson's

records for the years 2001 through 2004, avers that foreign royalty and sales information was provided to Frolow's certified public accountant, and denies the remaining allegations contained in paragraph 11.

12.  Wilson admits that Frolow provided a notice purporting to identify royalty underpayments.

13.  Wilson admits the allegations in paragraph 13.

14.  Wilson admits the allegations of paragraph 14.

15.  Answering paragraph 15 of the Complaint, Wilson avers that it has provided the records required by the License Agreement, as well as specific racquet properties information that is beyond that required by the License Agreement, and otherwise denies the allegations of paragraph 15.

16.  Wilson admits the allegations of paragraph 16 subject to the three year audit limitation set forth in the License Agreement.

17.  Wilson denies the allegations in paragraph 17 for want of knowledge and information sufficient to form a belief as to the truth thereof.

## SECOND CLAIM FOR RELIEF
### Patent Infringement

18.  Wilson avers that the Second Claim for Relief is dismissed by Order of the Court filed April 5, 2006, and that no responsive pleading is required for paragraphs 18 – 23 of the Complaint.

19.  Wilson denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20. On information and belief, Frolow's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

21. The Complaint should be dismissed, or stayed, pursuant to 9 U.S.C. §§ 1, 3, *et seq.*, since the claims therein are subject, in whole or in part, to a mandatory, binding and exclusive alternative dispute resolution procedure and arbitration, and Frolow has failed to follow the same.

### Third Affirmative Defense

22. Frolow's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

23. Frolow's Complaint should be dismissed for failure to exhaust exclusive, mandatory, extra-judicial contractual remedies.

### Fifth Affirmative Defense

24. Frolow's claims are barred, in whole or in part, due to a failure to perform conditions precedent.

**WHEREFORE**, Defendant Wilson Sporting Goods Co. prays that the Complaint be dismissed, with prejudice and at Plaintiff's cost, and that Wilson be awarded its reasonable attorney fees and costs in connection with the defense of Plaintiff's claims. Defendant Wilson further prays for such additional relief as this Court deems just and appropriate.

        Respectfully submitted,

Dated: April 17, 2006

/s/ Erica S. Helms
ehlems @sternslaw.com
**STERNS & WEINROTH,**
A Professional Corporation
50 West State Street, Suite 1400
Trenton, New Jersey  08607-1298
(609) 392-2100

Of Counsel:

| **KEY & ASSOCIATES** | **GREER BURNS & CRAIN LTD.** |
|---|---|
| 150 N. Michigan Avenue | 3900 S. Wacker Drive |
| Suite 2700 | Suite 2500 |
| Chicago, Illinois 60601 | Chicago, Illinios  60606 |
| JEFFERY A. KEY (Pro Hac Vice) | JOHN W. CHESTNUT |
| (312) 560-2148 | (312) 360-0080 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 17, 2006, a copy of the attached Answer and Affirmative Defenses of Defendant Wilson Sporting Goods Co. was sent via Federal Express to:

> Paul H. Kochanski, Esq.
> Lerner, David, Littenberg, Krumholz & Mentlik, LLP
> 600 South Avenue West
> Westfield, NJ  07090
> Attorneys for Plaintiff

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishement.

/s/ Erica S. Helms
ehlems @sternslaw.com
