**[NOT FOR PUBLICATION]**

**[38, 40, 42]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACK L. FROLOW, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:05-cv-04813-FLW |
| | : | |
| | : | |
| v. | : | |
| | : | |
| WILSON SPORTING GOODS CO. | : | |
| | : | **ORDER** |
| Defendant. | : | |
| | : | |
| | : | |

**WOLFSON, United States District Judge**

      This matter having been opened to the Court by Erica Susan Helms, Esq. on behalf of Defendant, Wilson Sporting Goods Co., ("Wilson") seeking, inter alia, Summary Judgment Regarding the Licensed Articles of Plaintiff Jack L. Frolow ("Frolow"); and the Court having considered the moving, opposition, and reply papers pursuant to Fed.R.Civ.P. 78, and for the reasons set forth in the Opinion filed herewith; and for good cause shown;

      **IT IS** on this 31st day of March, 2008,

      **ORDERED** that Defendant's Motion for Summary Judgment Regarding the Licensed Articles is **GRANTED IN PART** as to the following requests:  (1) Wilson's request that

Frolow's Reply to the Expert Report of Severa be stricken as untimely is granted; (2)Wilson's request for Summary Judgment declaring the 42 disputed racquet models as not Licensed Articles is granted as to 37 of the 42 disputed racquets (as set forth in the accompanying Opinion); (3) Wilson's request that the Court declare that a racquet model cannot be found to infringe by comparing the manufacturing specification of Wilson to the patent claims is granted; (4) Wilson's request that the Court declare that using a Wilson trademark ("Hammer"), on any disputed racquet does not equate with patent infringement, or otherwise brings a disputed racquet within the claims of the '372 Patent is granted; (5) Wilson's request to dismiss Frolow's claim of induced infringement of the '372 Patent by selling lead tape in England is granted because Frolow abandoned his claim; and (6) Wilson's request to dismiss Frolow's claim of patent mis-marking is granted because no further relief can be granted as no claim of patent mis-marking is pending before the Court; and it is further

**ORDERED** that Defendant's Motion for Summary Judgment Regarding the Licensed Articles is **DENIED IN PART** as to the following requests: (1) Wilson's request that Frolow's Initial and Supplemental Expert Reports be stricken as inadmissible is denied; (2) Wilson's request for Summary Judgment declaring the 42 disputed racquet models as not Licensed Articles is denied as to 5 of the 42 disputed racquets (T7455, T5712, T5832, T7067 and T7230); and (3) Wilson's request that the Court declare that the only racquet models subject to an audit of sales are the undisputed models is denied; and it is further

**ORDERED** that Defendant's request that the Court find that head covers are not Licensed Articles under the License Agreement **IS GRANTED** to the extent that the course of performance under the License Agreement shows that royalties were not paid to Frolow based on

sales of racquet head covers for racquet models that are Licensed Articles; conversely,

Defendant's request **IS DENIED** to the extent that the course of performance under the License

Agreement shows that royalties were paid to Frolow based on sales of racquet head covers for

racquet models that are Licensed Articles.

s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge