NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JACK L. FROLOW                              :
                                            :
            Plaintiff,                      :      Civil Action No. 05-04813
                                            :
v.                                          :      OPINION
                                            :
WILSON SPORTING GOODS CO.,                  :
                                            :
            Defendant.                      :
_____         :

WOLFSON, United States District Judge:

      Presently before the Court is a motion by Plaintiff, pro se, Jack L. Frolow ("Plaintiff" or "Frolow") for the recusal of the undersigned. Plaintiff is an inventor who holds numerous patents involving tennis racquets including U.S. Patent No. 4,690,405 (the "405 Patent") and U.S. Reissue Patent No. RE 33,372 (the "372 Patent"). The above-captioned matter concerns the procedures for an audit of royalties paid by Defendant to Plaintiff, the holder of the 372 Patent, during the period between 2001 through 2004. In this motion, Plaintiff argues that this Court is "biased and prejudiced against the Plaintiff," and, thus, that recusal is required. Pl's Notice of Motion at 1.[1] For the reasons set forth below, Plaintiff's motion is denied.

I.      FACTUAL AND PROCEDURAL BACKGROUND

      This case has a long history that spans more than five years and numerous lengthy

---

[1] The Court notes that Plaintiff has not filed a brief in support of his motion and has, instead, filed a Declaration of Jack Frolow in support of the motion. Thus, although Plaintiff has not cited to any case law or statute in support of his motion, the Court understands Plaintiff to be moving pursuant to 28 U.S.C. §§ 144 and 455(a) for the Appearance of Bias and/or Prejudice.

opinions issued by two District Judges and one Magistrate Judge. As I write for the parties, only a brief summary of pertinent facts is necessary.

On February 8, 2011, this Court held an on the record status conference for the purpose of scheduling a trial date in this matter. At the hearing, Plaintiff advised the Court that he would be filing a motion for recusal based on statements made by the Court at an in-camera settlement conference that was held on April 14, 2010, nearly a year earlier.[2] Indeed, Plaintiff advised the Court that he had "inadvertently" recorded the April 14 settlement conference[3] and stated that he would provide opposing counsel and the Court with a copy of the recording and a transcript of the settlement conference.[4] The Court scheduled a trial date of April 25, 2011 and required Plaintiff to file his recusal motion within two weeks. Subsequently, at his request, the Court granted Plaintiff an additional two week extension to file the recusal motion. On March 8, 2011, Plaintiff filed the instant motion for recusal. In his motion, Plaintiff points to eight distinct statements that the Court allegedly made during the April 14 settlement conference that would require this Court's recusal. In addition, Plaintiff argues that this Court made improper rulings

---

[2] The Court notes that at the time of the April 14, 2010 settlement conference, Plaintiff was represented by Jon Fallon, Esq. Mr. Fallon's representation was subsequently terminated by Plaintiff.

[3] At the hearing, Plaintiff advised the Court that he had "inadvertently" recorded the settlement conference. The Court notes that Local Civil rule 401.1 prohibits the "operation of audio. . .recorders in the courtroom or its environs. . . during the progress of and in connection with judicial proceedings, . . .whether or not the court is actually in session." L. Civ. R. 401.1(a).

[4] The Court notes that the tapes provided by Frolow to this Court were not functional; moreover, the transcript provided by Frolow was not authenticated and contained numerous blanks and handwritten changes and corrections and Frolow does not identify who transcribed the tapes. Despite these potential inaccuracies, for purposes of resolving this Motion, the Court will consider the "transcript" provided by Frolow.

that also require recusal.

II.     LEGAL STANDARD

The decision of whether to recuse lies within the discretion of the trial judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir.1985). There are two federal statutes that dictate the circumstances under which a federal judge should recuse. Section 455 (a) of Title 28 of the United States Code provides in pertinent part that "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself In any proceeding in which his impartiality might reasonably he questioned." 28 U.S.C. § 455(a). When reviewing motions for recusal, the Third Circuit applies an objective standard. See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir.1997). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 Fed. Appx. 189, 193 (3d Cir. April 27, 2007) (citing In re Kensington, 353 F.3d 211, 220 (3d Cir.2003). See also United States v. Martorano, 866 F.2d 62, 68 (3d Cir.1989) (stating "[m]otions to recuse under 28 U.S.C. § 455(a) must rest on ... objective facts ... not on possibilities' and unsubstantiated allegations.")

Motions for recusal are also governed by Section 144 of Title 28 of the United States Code. Recusal under 28 U.S.C. § 144 is mandatory "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of

prejudice to demonstrate that the judge is not impartial." Sharp v. Johnson, 2007 U.S. Dist. LEXIS 76254, 2007 WL 3034024 (W.D. Pa. Oct. 15, 2007).  In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature.  United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

III.  DISCUSSION

In his motion, Plaintiff argues that this Court has exhibited bias and prejudice towards him such that recusal is necessary.  Specifically, Plaintiff states that the Court has made "prejudicial comments regarding his age and personal choice not to marry and have children. . .it is not appropriate for Judge Wolfson to suggest that the Plaintiff should settle his case for significantly less money than he may be legally entitled to for the reasons that he is 93 years old and has no wife or children."  Pl's Mot. at 1.  In support of his argument, Plaintiff points to eight distinct statements that the Court allegedly made during the April 14 settlement conference that would require this Court's recusal.  In addition, Plaintiff contends that various legal determinations made by the Court do "not comply with the law in this case" and also require recusal.

Initially, the Court notes that motions for recusal "must be timely filed." 28 U.S.C. § 144.  In Allen, for example, the Third Circuit upheld a District Court's conclusion that a November 2005 recusal motion was untimely based on an incident that occurred in June 2005. 230 Fed. Appx. at 192.  There, the Court explained, "'when a party's attorney is aware of the

4

grounds supporting recusal, but fails to act until the judge issues an adverse ruling, the recusal [typically] is not timely." Id. (citing In re Kensington Int'l Ltd., 368 F.3d 289, 314-15 (3d Cir. 2004)).  Here, Plaintiff alleges that recusal is required based, in large part, on statements made during a settlement conference that occurred in April 2010.  However, Plaintiff did not file this motion until March 2011, nearly a year after the settlement conference, and, more importantly, on the eve of trial.  Thus, the Court finds that Plaintiff's recusal motion was not timely filed.

However, even if the Court were to consider Plaintiff's motion to be timely filed, the Court does not find that recusal is warranted.  To begin, the Court notes that Plaintiff misapprehends the purpose of in-camera settlement discussions.  During a settlement conference, the court engages in shuttle diplomacy and discusses with each party and their respective counsel the party's individual motivation for settling a pending matter as opposed to continuing the litigation.  The frank and open conversations that occur in the context of a settlement conference include, inter alia, a discussion of the various reasons a party may settle a pending litigation separate and apart from the merits of the underlying matter.  Importantly, these in-camera discussions occur outside the presence of the opposing party and opposing counsel.  The comments that Frolow contends were prejudicial were made in this context.

Turning to the merits of the recusal motion, the Court notes that of the eight comments attributed to the Court that Plaintiff argues were "inappropriate and prejudicial," Pl's Dec. at ¶8, two of the comments that Plaintiff attributes to this Court were, in fact, made by Mr. Frolow.  Tr. 7:19-25, 16:20-23.  In addition, a third comment allegedly made by the Court was not included in the transcript provided by Frolow, thus the Court cannot consider it.  Tr. 9:5-25.  Finally, the Court does not understand how three of the remaining comments can even be read to express the

Court's opinion as to Plaintiff's age or life choices and, thus, demonstrate bias or prejudice.  Tr. 8:1("We're wasting our time."); Tr. 10:1-25 ("You don't have to have – you weigh all of those factors, all of those together as well. . .to settle.  You're really not – in the likelihood that I could succeed on that . . . .You're not interested in settling."); Tr. 13:1-4 ("Well, you've done very well with them though.").   Therefore, the Court will consider the following two statements as the basis for Plaintiff's recusal motion: (1) "I hope, Mr. Frolow, you live to 120.  If that's how you want to spend your years litigating with Wilson, more power to you.  Frankly, if that's what you want and that's what I'm seeing here, I don't understand, but fine . . . It's about money at this point."  Tr. 6:13-20[5]; and (2) "Look, if the money's that important to you, for whatever reason, I know you [don't] have a wife or children to give it to you – to give it to, but if that's what motivates you, well everybody has a different motivation.  I can't argue against the fact that you want money to sit somewhere and go to no one."  Tr. 7:5-12.

It is well-established that a judge is required to recuse where his or her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a).  However, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972).  Under the extra-judicial source doctrine, alleged bias stemming from facts gleaned from the judicial proceeding will rarely be grounds for recusal.  See United States v. Antar, 53 F.3d 568, 574 (3d Cir.1995). As applied, "bias, in order to form the basis for recusal, must stem from a source outside of the

---

[5]The Court notes that in his Declaration, Plaintiff alleges that the Court "indicated that I will have to litigate until I am 120 years old before she would rule in my favor."  Frolow Declaration ("Frolow Dec.") ¶ 5.  However, as discussed supra, a review of the transcript demonstrates that this Court comment was, in fact, quite different from what Plaintiff suggests and that the Court nowhere commented on its propensity to rule for or against either of the litigants in this matter.

official proceedings." Aruanno v. Main, No. 07-3867, 2008 WL 323091, at *2 (D.N.J. Sept. 29, 2009) (citing United States v. Bertoli, 40 F.3d 1384 (3d Cir. 1994)). As the Supreme Court has explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994).

In Allen, the Third Circuit considered a motion for recusal based, inter alia, on the trial judge's behavior during off the record settlement discussions. 230 Fed. Appx. at 193. There, plaintiff alleged that the judge "used an improper tone and attitude with [plaintiff] when questioning him about his desire to work and future plans for employment." Id. at 191. The Third Circuit did not agree and, instead, explained that the judge's "behavior during the off-the-record settlement discussions show only that [plaintiff] himself felt intimidated by and uncomfortable with the Judge's questioning. And to the extent that Judge Rapoport gained unfavorable views of Allen during this discussion, these views did not derive from any extrajudicial source." Id. at 193. For these reasons, the Third Circuit held that plaintiff had not presented any evidence of any "deep-seated favoritism or antagonism that would make fair judgment impossible," and, thus, that recusal was not required based on the judge's conduct during the settlement discussions. Id. at 193 (quotation and citation omitted).

Similarly, in the instant matter, Plaintiff's articulated bases for recusal stem from judicial proceedings including a settlement conference held by this Court in April 2010.  Pl's Dec. ¶¶ 5-8. However, a review of the transcript from the April 2010 settlement conference demonstrates that the statements made by the Court do not indicate the required bias, prejudice or "deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky, 510 U.S. at 555; see also Allen, 230 Fed. Appx. 192-93.   Instead, the Court's comments concern Plaintiff's motivation to settle the matter ahead of trial or to continue the litigation.  See, e.g., Tr. 6:13-20 ("If that's how you want to spend your years litigating with Wilson, more power to you. . . . It's about money at this point."); Tr. 7:5-12 ("Look, if the money's that important to you, for whatever reason, I know you [don't] have a wife or children to give it to you – to give it to, but if that's what motivates you, well everybody has a different motivation.").   Thus, the Court finds that Plaintiff's characterization of the Court's statements as somehow indicative of the Court's propensity to rule against him cannot support his motion for recusal.   Indeed, as in Allen, nothing in Plaintiff's Declaration or the transcript of the April 2010 settlement conference indicates any evidence of this Court's extra-judicial bias.  Thus, the Court finds that recusal is not warranted based on bias or prejudice.

In addition, Plaintiff suggests that recusal is required based on legal determinations made by this Court that "do not comply with the law in this case."  Pl's Dec. ¶¶ 11, 12.  The Court does not agree.  The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278-79 (3d Cir. 2000); see also, e.g., In re TMI Litig., 193 F.3d 613, 728 (3d

Cir.1999); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990).  Indeed, prior adverse rulings alone "almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.  Accordingly, Plaintiff's disagreement with this Court's judicial decisions does not form a valid basis for, and does not require, this Court's recusal.

III.	CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal is DENIED.


Dated: April 7, 2011                                                      /s/ Freda L. Wolfson
                                                                          Freda L. Wolfson, U.S.D.J.