NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACK L. FROLOW | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-04813 |
| | : | |
| v. | : | OPINION |
| | : | |
| WILSON SPORTING GOODS CO., | : | |
| | : | |
| Defendant. | : | |

WOLFSON, United States District Judge:

Presently before the Court is a motion by Defendant Wilson Sporting Goods Co. ("Defendant" or "Wilson") for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a). The above-captioned matter concerns the procedures for an audit of royalties paid by Defendant to Plaintiff, the owner of various patents involving tennis racquets including, in relevant part, U.S. Reissue Patent No. RE 33,372 (the "372 Patent"), between 2001 through 2004. This case was tried to a jury on July 6 and 7, 2011. However, immediately following the conclusion of Plaintiff Jack L. Frolow's ("Plaintiff" or "Frolow") case-in-chief, Defendant moved for dismissal of Plaintiff's claims and requested that this Court enter Judgment in its favor under Rule 50(a). In an oral motion, Defendant contends that Plaintiff failed to establish a prima facie case for infringement of the 372 Patent, and, therefore, that this case must be dismissed. For the reasons set forth on the record on July 7, 2011, and which are supplemented herein, the Court grants Defendant's motion and enters Judgment in favor of Defendant.

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

Although this Court has recounted the facts of this case in each of its previous opinions, and is incorporating those facts herein, a brief repetition of the relevant facts as well as a recitation of newly developed facts is necessary to the Court's determination of the instant motion.

This case has a long history that spans more than six years and numerous lengthy opinions issued by two District Judges and one Magistrate Judge.  Indeed, since the inception of this case in 2005, Plaintiff has represented himself pro se and has been represented by three separate law firms.  Plaintiff ultimately retained his current counsel in April 2011 for the purpose of representing him at trial, the issues for trial having been severely limited during the six years of litigation and motion practice that preceded the July 2011 trial date.

The instant matter concerns a License Agreement ("Agreement") between the parties pursuant to which Frolow granted Wilson the exclusive right and license worldwide to use, manufacture, sell or otherwise dispose of tennis racquets covered by the 372 Patent.  In exchange, Wilson agreed to pay Frolow royalties based on five percent of Net Sales of the "Licensed Articles" sold in the United States, and two percent of Net Sales of "Licensed Articles" sold outside of the United States.  "Licensed Articles" are defined in the Agreement as: "tennis racquets that are covered by one or more unexpired or otherwise valid claims contained in the Licensed Patents and tennis racquets which are based on use of Frolow's know-how."

On October 3, 2005, Plaintiff filed a Complaint in this Court alleging claims for breach of contract and patent infringement arising out of the License Agreement.  On April 5, 2006, the Honorable Stanley R. Chesler, U.S.D.J., issued an Opinion and Order providing that once the

issue of which racquets sold by Wilson were subject to the License Agreement was resolved by the Court, any dispute about the calculation of damages would be subject to the dispute resolution mechanism set forth in Section 4.2 of the Agreement.  Frolow v. Wilson Sporting Goods Co., No. 05-4813, 2006 WL 891201, at * 3 (D.N.J. April 5, 2006).

Following an audit, Plaintiff initially identified a total of 58 Wilson racquets that it alleged Wilson failed to report as Licensed Articles and for which Wilson failed to pay royalties.  In response, Wilson did not dispute that 26 of the 58 racquets should be Licensed Articles; however, Wilson did dispute the inclusion of 29 of the racquets as well as an additional 9 racquets for which Wilson contended that it mistakenly paid royalties.  Thereafter, Plaintiff filed a supplemental expert report which disclosed an additional 4 racquets that Plaintiff alleged were Licensed Articles.  These 42 racquets were the subject of a summary judgment motion filed by Defendant on August 24, 2007.

On March 31, 2008, this Court entered an Order denying in part and granting in part Defendant's motion.  Specifically, and in relevant part, the Court found that 37 of the 42 disputed racquets were not "Licensed Articles" as defined by the License Agreement.  However, the Court denied Defendant's motion for summary judgment as to five of the disputed racquets – T7067, T7455, T5712, T5832 and T7230 – finding that there was an issue of material fact as to whether these five racquets fell within the 372 Patent and, thus, came within the definition of a Licensed Article.  Frolow v. Wilson Sporting Goods Co., No. 05-4813, 2008 WL 8134447 (D.N.J. March 31, 2008).

The parties continued to litigate this case, and, on May 28, 2010, two years after this Court entered its initial Summary Judgment opinion, Wilson filed a Second Motion for Summary

Judgment in which it sought an Order barring Plaintiff from: (1) adding any of 299 New Foreign Racquets; and (2) classifying all of the sales in foreign countries as U.S. Sales.  In addition, on July 9, 2010, Plaintiff , acting pro se, filed a "Cross-Motion" for an Order allowing Plaintiff to present his claim of breach of the best efforts clause in the Parties' License Agreement.  In an Opinion dated December 13, 2010, this Court granted Defendant's motion and denied Plaintiff's cross-motion.  Thereafter, the Court scheduled a trial date for April 25, 2011.

However, on or around April 12, 2011, Plaintiff informed the Court that he had retained new counsel to represent him at trial and, as a result, the Court adjourned trial until July 6, 2011.  Trial in the above-captioned matter commenced on July 6, 2011, and following Plaintiff's testimony and the submission of various factual stipulations, Plaintiff completed his case on July 7, 2011.  Thereafter, Defendant moved pursuant to Fed. R. Civ. P. 50(a) for Judgment as a Matter of Law.

II.  STANDARD

Rule 50(a) provides that "[i]f a party has been fully heard on an issue during a jury trial," a court may grant a motion for judgment as a matter of law where the "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party ..." Fed. R. Civ. P. 50(a).  Judgment as a matter of law under Rule 50 "should only be granted if the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." Levine v. Voorhees Board of Ed., 2010 WL 2735303 at *1 (quoting Raiczyk v. Ocean County Veterinary Hospital, 377 F.3d 266, 269 (3d Cir.2004) (internal quotation marks omitted)).  Indeed, "[a]lthough judgment as a matter of law should be

4

granted sparingly, a scintilla of evidence is not enough to sustain a verdict of liability. The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Austin v. Norfolk Southern Corp., 158 Fed. App'x. 374, 377 (3d Cir.2005) (not precedential).

III.  DISCUSSION

In the instant motion for judgment as a matter of law, Defendant argues that Plaintiff has failed to establish a prima facie case of patent infringement concerning the 372 Patent. Indeed, Wilson contends that for the three remaining patent claims at issue in this trial – 20, 47 and 50 – Plaintiff has not established, nor attempted to establish, every element of each patent claim asserted.[1] Specifically, and in relevant part, Wilson contends that Frolow has not demonstrated the following identical requirements of the three remaining patent claims: "A complete tennis racquet having at least a head portion and a handle portion, said handle having a grip portion suitably adapted for the hand to grip, the end of the grip portion being located at the handle portion end of the racquet; said head portion supporting a string netting in a plane, said netting having vertical and horizontal strings. . ." Patent Number Re. 33, 372, claims 20, 47, and 50.  In response, Plaintiff argues that because the evidence in this case focused on the other elements of the claim including, for example, center of percussion, weight, and moment of intertia, Defendant had effectively admitted that the elements concerning the head, handle, grip and

---

[1] The Court notes that although the claims remaining for trial included two additional patent claims arising out of the 372 Patent – notably, claims 10 and 56 – Plaintiff conceded that he abandoned claims 10 and 56. Trial Transcript, July 7, 2011 ("July 7 Tr.")  43:23, 55:17-56:1.

strings were not in dispute. In addition, Plaintiff argued that in effect, this Court should take judicial notice of the fact that all tennis racquets have a head portion, handle, grip and strings. For the reasons set forth below, the Court agrees with Defendant that Plaintiff has failed to establish a prima facie case of infringement necessary to afford relief to Plaintiff under the License Agreement.

It is well-established that the plaintiff in a patent case bears the burden of proving infringement by a preponderance of the evidence. Mannesman Demag Corp. v. Engineered Metal Product Co. Inc., 793 F.2d 1279, 1280 (Fed. Cir. 1986). "[L]iteral infringement requires that the accused device embody every element of the patent claim." Id. Thus, Plaintiff bore the burden of demonstrating that each of the disputed racquets would have infringed the 372 Patent but for the License Agreement. Cold Metal Process Co., v. United Engineering & Foundry Co., 235 F.2d 224, 229 (3d Cir. 1956) ("The test to be applied is whether [Defendant] would have been an infringer under the rules of the patent law in these instances if it had not had a license.").

Initially, the Court notes that during trial, Plaintiff adduced no testimony whatsoever concerning the head, handle, grip or strings in the accused tennis racquets as required by claims 20, 47 and 50. Moreover, although the parties did stipulate to certain facts relevant to issues for trial, the parties did not stipulate to any facts concerning the head, handle, grip or strings in the accused tennis racquets. Further, none of the documents admitted as evidence during trial contain any admissions regarding the head, handle, grip or strings in the accused tennis racquets. Thus, the Court finds nothing in the record to establish the requisite elements of claims 20, 47 and 50 of the 372 Patent.

Moreover, to the extent that Plaintiff argues, in effect, that this Court should take judicial notice that all tennis racquets have a head, handle, grip and strings, see July 7 Tr. 57:13-15, the Court does not agree.  Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute in that [they are] either[:] (1) generally known within the territorial jurisdiction of the trial court[;] or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, despite Plaintiff's counsel's suggestion that all tennis racquets have a head, grip, handle and vertical and horizontal strings, counsel for Wilson stated that numerous racquets exist, including some manufactured by Defendant, with strings in a variety of configurations including diagonal and fan-shaped.  Because it appears to the Court that facts concerning the appearance of a tennis racquet are in dispute, the judicial notice requested by Plaintiff is improper.

In addition, the Court notes that during the cross-examination of Mr. Frolow, Plaintiff's only witness, counsel for Wilson adduced testimony that not only had Mr. Frolow never seen or inspected the accused racquets, but that he had never seen a representation or image of the relevant racquets.  July 7 Tr. 4:11-21.  Thus, Plaintiff's own testimony foreclosed his ability to testify to any firsthand knowledge regarding the appearance of the accused racquets and, therefore, whether they satisfied the elements of claims 20, 47 and 50 of the 372 Patent.

Finally, following Defendant's motion at trial, the Court reviewed the rulings issued in this case, as well as the trial briefs and pretrial memorandum, to determine whether the claims at issue had somehow been limited to exclude the appearance of the head, handle, grip or strings.  However, it appears that nothing occurring in the litigation to date limited Plaintiff's burden of

7

establishing all the elements of the claims at issue including the appearance of the head, handle, grip or strings. Thus, in light of Plaintiff's well-established burden to prove every element of the patent claim, and the complete absence of evidence in the record concerning the head, handle, grip or strings in the accused racquets, the Court finds that Judgment as a Matter of Law in favor of Wilson is proper.

III. CONCLUSION

      For the foregoing reasons, Defendants' Motion for Judgment as a Matter of Law is GRANTED.

Dated: July 11, 2011                        /s/ Freda L. Wolfson
                                                      Freda L. Wolfson, U.S.D.J.