**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

JACK L. FROLOW                      ,                    :

         Plaintiff,                                   :        Civil Action No. 05-4813 (FLW)

         v.                                                   :

                                        :        **OPINION**

                                        :

WILSON SPORTING GOODS CO.,                       :

                                        :

         Defendants.                             :

_____

**WOLFSON, United States District Judge:**

    Presently before the Court is a motion by Plaintiff  Jack L. Frolow ("Plaintiff" or "Frolow")

to Alter or Amend Judgment entered on July 12, 2011 pursuant to Fed. R. Civ. P. 59(e).   The

above-captioned matter concerns the procedures for an audit of royalties paid by Defendant

Wilson Sporting Goods Co. ("Defendant" or "Wilson") to Plaintiff, the owner of various patents

involving tennis racquets including, in relevant part, U.S. Reissue Patent No. RE 33,372 (the

"372 Patent"), between 2001 and 2004.  This case was tried to a jury on July 6 and 7, 2011.

Following the conclusion of Plaintiff's case-in-chief, Defendant moved for dismissal of

Plaintiffs' claims and requested that this Court enter Judgment in its favor under Rule 50(a).  The

Court granted Defendant's motion and, on July 7, 2011, entered Judgment in favor of Wilson.

Subsequently, Plaintiff filed the instant Motion to Alter or Amend Judgment under Rule 59(e). In

this motion, Plaintiff argues that judgment was a clear error of law because the patent

infringement claim was dismissed.  In addition, Plaintiff argues that the judgment must be vacated to prevent manifest injustice.   For the reasons discussed below, Plaintiff's motion is denied.

## I. BACKGROUND

Although this Court has recounted the facts of this case in each of its previous opinions, and is incorporating those facts herein, a brief repetition of the relevant facts as well as a recitation of newly developed facts is necessary to the Court's determination of the instant motion.

This case has a long history that spans more than six years and numerous lengthy opinions issued by two District Judges and one Magistrate Judge.  Indeed, since the inception of this case in 2005, Plaintiff has represented himself pro se and has been represented by three separate law firms.  Plaintiff ultimately retained his current counsel in April 2011 for the purpose of representing him at trial, the issues for trial having been severely limited during the six years of litigation and motion practice that preceded the July 2011 trial date.

The instant matter concerns a License Agreement ("Agreement") between the parties pursuant to which Frolow granted Wilson the exclusive right and license worldwide to use, manufacture, sell or otherwise dispose of tennis racquets covered by the 372 Patent.  In exchange, Wilson agreed to pay Frolow royalties based on five percent of Net Sales of the "Licensed Articles" sold in the United States, and two percent of Net Sales of "Licensed Articles" sold outside of the United States.  Importantly, and in relevant part, "Licensed Articles" are defined in the Agreement as: "tennis racquets that are covered by one or more unexpired or otherwise valid claims contained in the Licensed Patents and tennis racquets which are based on

2

use of Frolow's know-how." License Agreement § 1.2

On October 3, 2005, Plaintiff filed a Complaint in this Court alleging claims for breach of contract and patent infringement arising out of the License Agreement.  On April 5, 2006, the Honorable Stanley R. Chesler, U.S.D.J., issued an Opinion and Order providing that once the issue of which racquets sold by Wilson were subject to the License Agreement was resolved by the Court, any dispute about the calculation of damages would be subject to the dispute resolution mechanism set forth in Section 4.2 of the Agreement.  Frolow v. Wilson Sporting Goods Co., No. 05-4813, 2006 WL 891201, at * 3 (D.N.J. April 5, 2006).

Following an audit, Plaintiff initially identified a total of 58 Wilson racquets that it alleged Wilson failed to report as Licensed Articles and for which Wilson failed to pay royalties.  In response, Wilson did not dispute that 26 of the 58 racquets should be Licensed Articles; however, Wilson did dispute the inclusion of 29 of the racquets as well as an additional 9 racquets for which Wilson contended that it mistakenly paid royalties.  Thereafter, Plaintiff filed a supplemental expert report which disclosed an additional 4 racquets that Plaintiff alleged were Licensed Articles.  These 42 racquets were the subject of a summary judgment motion filed by Defendant on August 24, 2007.

On March 31, 2008, this Court entered an Order denying in part and granting in part Defendant's motion.  Specifically, and in relevant part, the Court found that 37 of the 42 disputed racquets were not "Licensed Articles" as defined by the License Agreement.  However, the Court denied Defendant's motion for summary judgment as to five of the disputed racquets  – T7067, T7455, T5712, T5832 and T7230 – finding that there was an issue of material fact as to whether

these five racquets fell within the 372 Patent and, thus, came within the definition of a Licensed

Article.  Frolow v. Wilson Sporting Goods Co., No. 05-4813, 2008 WL 8134447 (D.N.J. March

31, 2008).

The parties continued to litigate this case, and, on May 28, 2010, two years after this Court

entered its initial Summary Judgment opinion, Wilson filed a Second Motion for Summary

Judgment in which it sought an Order barring Plaintiff from: (1) adding any of 299 New Foreign

Racquets; and (2) classifying all of the sales in foreign countries as U.S. Sales.  In addition, on

July 9, 2010, Plaintiff , acting pro se, filed a "Cross-Motion" for an Order allowing Plaintiff to

present his claim of breach of the best efforts clause in the Parties' License Agreement.  In an

Opinion dated December 13, 2010, this Court granted Defendant's motion and denied Plaintiff's

cross-motion.  Thereafter, the Court scheduled a trial date for April 25, 2011.

However, on or around April 12, 2011, Plaintiff informed the Court that he had retained

new counsel to represent him at trial and, as a result, the Court adjourned trial until July 6, 2011.

Trial in the above-captioned matter commenced on July 6, 2011, and following Plaintiff's

testimony and the submission of various factual stipulations, Plaintiff completed his case on July

7, 2011.

Thereafter, Defendant moved pursuant to Fed. R. Civ. P. 50(a) for Judgment as a Matter

of Law.  Defendant argued that Plaintiff had failed to establish a prima facie case of patent

infringement concerning the 372 Patent because Plaintiff had not established, nor attempted to

establish, every element of each patent claim asserted.  Specifically, and in relevant part,

Defendant argued that Frolow had not demonstrated the following identical requirements of the

three patent claims at issue in trial - claims 20, 47 and 50: "A complete tennis racquet having at least a head portion and a handle portion , said handle having a grip portion suitably adapted for the hand to grip, the end of the grip portion being located at the handle portion end of the racquet; said head portion supporting a string netting in a plane, said netting having vertical and horizontal strings. . . " Patent Number Re. 33, 372, claims 20, 47, and 50.   The Court agreed, and, for the reasons set forth in the record on July 7, 2011, and as supplemented in an Opinion dated July 12, 2011, the Court granted Defendant's motion.  Specifically, I held that Plaintiff had adduced no testimony whatsoever concerning the head, handle, grip or strings in the accused tennis racquets as required by claims 20, 47 and 50.  Moreover, I found that although the parties had stipulated to certain facts relevant to issues for trial, the parties did not stipulate to any facts concerning the head, handle grip or strings in the accused tennis racquets and that none of the documents admitted as trial contained any admissions regarding the head, handle grip or strings in the accused tennis racquets.  Finally, I noted that Frolow, Plaintiffs' only witness, testified that not only had he never seen or inspected the accused racquets, but that he had never seen an image or representation of the relevant racquets.  Thus, Plaintiff's own testimony foreclosed his ability to testify to any firsthand knowledge regarding the appearance of the accused racquets and whether they satisfied the elements of claims 20, 47 and 50 of the 372 Patent.  As a result, the Court held that the record did not establish the requisite elements of claims 20, 47 and 50 of the 372 Patent and that Judgment as a matter of Law in favor of Defendants was proper.

Subsequently, Plaintiff filed the instant motion to Alter or Amend the Judgment entered on July 12, 2011.

## II. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 59(e), a plaintiff has a ten-day window following the entry of a judgment in which to seek leave to reopen the case.  Rule 59(e) permits motions to amend or alter a judgment and may be granted in order for a party to submit new, previously undiscovered evidence or to correct a clear error of law or prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995); see also Harsco Corp., 779 F.2d at  909 (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F.Supp. 409, 442 (D.N.J.1998). However, mere disagreement with the district court's decision is not an appropriate basis for reargument, and should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F.Supp. 834, 859 n. 8 (D.N.J.1992), aff'd, 37 F.3d 1485 (3d Cir.1994). Indeed, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir.1993).

## III. DISCUSSION

In this motion, Plaintiff argues that, pursuant to Rule 59(e),  the Court should alter or amend the judgment entered against him on July 12, 2011.  Specifically, Plaintiff contends that : (1) the Court erred in using a patent infringement analysis to determine whether the racquets sold by Wilson were Licensed Articles; and (2) the Court erred by requiring Plaintiff to prove each claim limitation to establish a breach of the License Agreement.

First, Plaintiff argues that the Court improperly evaluated Wilson's Motion for Judgment as matter of law "as if this case were a case of patent infringement which requires that the Plaintiff prove every element of the asserted patent claims."  Pl's Br. at 5.  Specifically, Plaintiff contends that because the patent infringement claim was dismissed, he did not need to prove that the Licensed Articles infringed the patent and, as a result, that the Court's judgment was an error of law.  The Court does not agree.

Initially, to the extent Plaintiff argues that because his patent infringement claim was dismissed from the case in 2006, the Court used the wrong analysis to determine whether the articles sold by Wilson were, in fact, Licensed Articles, the Court finds such an argument disingenuous.  Indeed, Judge Chesler's April 4, 2006 Order expressly provides that the Court would retain jurisdiction for the purposes of determining what constitute "Licensed Articles" under the License Agreement.  Section 1.2 of the License Agreement defines "Licensed Articles" to mean "<u>tennis racquets which are covered by one or more unexpired or otherwise valid claims contained in the Licensed Patents </u>and tennis racquets which are based on use of FROLOW's Know-How."  License Agreement §1.2 (emphasis added).  Thus, any determination of the

royalties owed under the License Agreement required, in the first instance, a determination as to whether the racquets sold were Licensed Articles, i.e., covered by a claim of the 372 Patent.

Moreover, it is well-established that an interpretation of a relevant patent is often not only appropriate, but necessary, to a determination involving breach of a license agreement. See, e.g., United States Valves, Inc. v. Dray, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (explaining that "[t]he license agreement between Dray and U.S. Valves gives U.S. Valves 'an exclusive right to manufacture, use, sell, advertise, and distribute the Licensed Product.'  To show that Dray sold valves in contravention of U.S. Valves' exclusive rights to such sales, U.S. Valves must show that Dray sold valves that were covered by the licensed patents. Since some of the valves that Dray sold were of the sliding ring variety, a court must interpret the patents and then determine whether the sliding ring valve infringes these patents.")(emphasis added).   Thus, to the extent that the Court required Plaintiff to demonstrate, at trial, that each of the racquets he alleges were subject to royalty payments were Licensed Article as defined by the License Agreement, such an analysis was not only proper, but necessary, and therefore, Plaintiff's motion to alter or amend on this basis denied.

Next, to the extent that Plaintiff argues that the Court erred by requiring Plaintiff to prove each claim limitation in the 372 Patent to establish a breach of the License Agreement, the Court again, finds such an argument to be entirely disingenuous.  It is well-established that "literal infringement requires that the accused device embody every element of the patent claim," and that "[t]he burden of proving infringement by a preponderance of the evidence" rests with the plaintiff. Mannesmann Demag Corp. v. Enginerred Metal Prods. Co. Inc., 793 F.2d 1279, 1282 (Fed. Cir.1986).  Thus, in the instant matter, Plaintiff was required to demonstrate, in relevant

part, that the remaining racquets met the following identical requirements of the three patent claims at issue in trial - claims 20, 47 and 50: "A complete tennis racquet having at least a head portion and a handle portion , said handle having a grip portion suitably adapted for the hand to grip, the end of the grip portion being located at the handle portion end of the racquet; said head portion supporting a string netting in a plane, said netting having vertical and horizontal strings. . . " Patent Number Re. 33, 372, claims 20, 47, and 50.  During trial, however, Plaintiff proffered no evidence concerning the head, handle, grip or strings in the accused tennis racquets as required by claims 20, 47 and 50.  Moreover,  Plaintiff's only witness, Mr. Frolow himself, testified that had he never seen or inspected the accused racquets or an image or representation of the relevant racquets.  Thus, Plaintiff's own testimony foreclosed his ability to testify to any firsthand knowledge regarding the appearance of the accused racquets and whether they satisfied the elements of claims 20, 47 and 50 of the '372 Patent.  As a result, the Court held that the record was entirely devoid of any evidence concerning certain elements of the requisite claims and, as a result, that judgment was appropriate as a matter of law.[1]   For the same reasons, the Court will deny Plaintiff's motion under Rule 59(e).


### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend or Alter is **DENIED**.

---

[1]To the extent that Plaintiff argues that the Court erroneously "requir[ed] that the actual infringing device be entered into evidence at trial," Pl's Br. at 6, the Court made no such ruling and, in fact, notes that this argument entirely mischaracterizes this Court's oral ruling and written Opinion.

9

Dated: January 3, 2012                          /s/ Freda L. Wolfson
                                                Freda L. Wolfson, U.S.D.J.

10